CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 04, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JESSE JAMES WICKLINE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26CV00129 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WESTERN VA REGIONAL JAIL, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jesse James Wickline, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, claiming that he was subjected to unconstitutional conditions of confinement. Upon review, I conclude that the Complaint must be dismissed without prejudice for failure to state a claim on which relief may be granted.

While Wickline was housed at Western Virginia Regional Jail, he claims that he endured cold temperatures in his cell that were "almost unbearable." Compl. 5, Dkt. No. 1. At times, water leaked into the cell, causing temperatures to drop. Despite complaining to "several officers," who agreed to move him to a new cell, his request to be moved was ultimately denied. *Id.* Wickline asserts that he experienced symptoms such as coughing, sneezing, and a sore throat as a result.

Under 28 U.S.C. § 1915(e), the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). A pro se complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But, even under this less stringent standard, pro se claims are subject to sua sponte dismissal "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth sufficient factual allegations against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

First, Wickline has named Western Virginia Regional Jail as a defendant; however, the jail does not qualify as a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989) (concluding that the State, governmental entities that are considered "arms of the state," and officials acting in their official capacities, are not "persons" subject to suit under § 1983); *see also McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992)

("[T]he jail is not a person under § 1983" and, thus, "lacks the capacity to be sued as a jail").

Second, Wickline has failed to set forth a viable Eighth Amendment claim against the defendant officers. Although the Eighth Amendment protects inmates from cruel and unusual living conditions, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 347, 49 (1981). To state a claim for unconstitutional conditions of confinement, an inmate must show that (1) objectively, the deprivation was sufficiently serious, in that the challenged acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the official acted with "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991)).

Under the objective prong, Wickline fails to claim that he has been deprived of "the minimal civilized measure of life's necessities." While the conditions he describes are bleak, courts have determined that similar conditions do not violate the Eighth Amendment. *See Shrader v. White*, 761 F.2d 975, 984 (4th Cir. 1985) (finding no Eighth Amendment violation where the ceilings sometimes leaked and there was cold water in cells); *Strickler v. Waters*, 989 F.2d 1375,1382 (4th Cir. 1993) (concluding that, although cell temperatures were less than ideal, there was no constitutional deprivation); *Donohue v. Ray*, No. 7:11CV00227, 2011 WL

22441294, at *4–5 (W.D. Va. June 13, 2011) (summarily dismissing claims regarding prison conditions, including that cell windows let in cold air); *Pickett v. Winston*, No. 7:20-cv-00114, 2020 WL 2814180, at *1–2 (W.D. Va. May 29, 2020) (determining that allegations of a jail's leaky ceiling do not state a claim under the Eighth Amendment).

Additionally, the symptoms that Wickline describes are insufficient to satisfy Eighth Amendment standards. Indeed, courts in this circuit have determined that cold temperatures causing "a runny nose, cough, and throat irritation" are not sufficiently serious to warrant relief. *Taylor v. Fleming*, No. 7:17-cv-00099, 2020 WL 6703324, at *2 (W.D. Va. Nov. 13, 2020); *see also Turner v. Moore*, No. 7:23-cv-00018, 2023 WL 3319922, at * 2–3 (W.D. Va. May 9, 2023) (summarily dismissing a plaintiff's complaint based on allegations of cold cell temperatures); *Canada v. Stirling*, No. 5:17-cv-2785-DCC-KDW, 2018 WL 6981119, at *5 (D.S.C. Dec. 17, 2018) (explaining that allegations of "'coldness' are not sufficient to justify relief" under the Eighth Amendment). Instead, Wickline must have described "serious medical . . . deterioration attributable to" the challenged conditions. *Shrader*, 761 F.2d at 979. He has not done so; thus, he has failed to satisfy the first prong of his claim.

Under the subjective prong, Wickline has failed to explain how any of the named officials acted with deliberate indifference to his health or safety, particularly

where has not described factual allegations attributing any specific misconduct to them personally. Indeed, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Without specifically describing each individual officer's personal awareness and disregard of the risk of harm to Wickline, his claims against them cannot survive, and he has failed to meet the second prong of an Eighth Amendment conditions of confinement claim.

While public records show that Wickline was a sentenced and convicted state prisoner at the time his Complaint was filed, to the extent that he was a pretrial detainee at any time that he was allegedly subjected to the conditions of which he complains, his claims likewise fail under the standards applicable to pretrial detainees. For pretrial detainees, challenges to conditions of confinement are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition on cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Due Process Clause "protects pretrial detainees from being punished at all." *Short v. Hartman*, 87 F.4th 593, 606 (4th Cir. 2023). Despite the distinction, "courts routinely utilize Eighth Amendment standards to analyze conditions-of-confinement claims brought by pretrial detainees." *Smith v. Whitley*, No. 5:17-cv-70374, 2018 WL 2770207, at *4 (W.D.

Va. June 8, 2018). For the same reasons Wickline has failed to state a claim under the Eighth Amendment, he has failed to state a claim under the Fourteenth Amendment, particularly considering that he has not set forth any allegations that he endured the described conditions due to any official's subjective intent to punish him. *See Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (requiring pretrial detainee to show a subjective intent to punish, especially given that "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense") (citing *Bell*, 441 U.S. at 537).

Therefore, Wickline has failed to state a claim on which relief may be granted, and his Complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). A separate Judgment will be entered.

ENTER: November 4, 2026

/s/ JAMES P. JONES
Senior United States District Judge